

U.S. Department of Justice

*Leah B. Foley*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

September 8, 2025

Keith A. Mathews, Esq.
American Wealth Protection
1000 Elm Street, Ste 800
Manchester, NH 03101

    Re:    United States v. Remigijus Mikelenas
             Criminal No. 24-CR-10232-WGY

Dear Mr. Mathews:

The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Remigijus Mikelenas ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

    1.    Change of Plea

As soon as practicable, Defendant will plead guilty to counts one through three of the Indictment charging filing a false tax return, in violation of 26 U.S.C. § 7206(1). Defendant admits that Defendant committed the crimes specified in these counts and is in fact guilty of each one.

    2.    Penalties

Defendant faces the following maximum penalties: incarceration for three years; supervised release for one year; a fine of $250,000; a mandatory special assessment of $100; and restitution.

Defendant understands that, if Defendant is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

    3.    Sentencing Guidelines

The U.S. Attorney agrees, based on the following calculations, that Defendant's total

"offense level" under the Guidelines is 15:
   a) Defendant's base offense level is 20, because the tax loss is more than $550,000 but less than $1,500,000 (USSG §2T1.1; USSG §2T1.4);

   b) Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1); and

   c) Defendant's offense level is decreased by 2, because Defendant is a zero-point offender (USSG § 4C1.1).

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw Defendant's guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence to the Court:

   a) incarceration at the low end of the Guidelines sentencing range as calculated by the U.S. Attorney in Paragraph 3;

   b) a fine within the Guidelines sentencing range as calculated by the Court at sentencing, excluding departures, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

   c) 12 months of supervised release;

   d) a mandatory special assessment of $300, which Defendant must pay to the Clerk of the Court by the date of sentencing;

   e) restitution of $1,044,861.16.

Defendant agrees that all criminal monetary penalties, including special assessment,

restitution, forfeiture, and/or fine imposed shall be due and payable immediately, and furth[er] agrees that any Court-ordered repayment schedule does not preclude further enforcement collection by the United States.

5. **Waiver of Appellate Rights and Challenges to Conviction or Sentence**

Defendant has the right to challenge Defendant's conviction and sentence on "di[rect] appeal." This means that Defendant has the right to ask a higher court (the "appeals court") look at what happened in this case and, if the appeals court finds that the trial court or the pa[rties] made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instan[ces] Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were ma[de] this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give the[m up]. Specifically, Defendant agrees that:

   a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or other proceeding, including in a separate civil lawsuit; and

   b) Defendant will not challenge Defendant's <u>sentence,</u> including any court related to forfeiture, restitution, fines or supervised release, on direct ap[peal] in any other proceeding, including in a separate civil lawsuit.

Defendant understands that, by agreeing to the above, Defendant is agreei[ng] Defendant's conviction and sentence will be final when the Court issues a written judgm[ent] the sentencing hearing in this case. That is, after the Court issues a written judgment, D[efendant] will lose the right to appeal or otherwise challenge Defendant's conviction and sentence, re[gardless] of whether Defendant later changes Defendant's mind or finds new information that wo[uld] led Defendant not to agree to give up these rights in the first place.

Defendant is agreeing to give up these rights at least partly in exchange for conce[ssions] U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the rig[ht] claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the pro[secutor] a member of law enforcement involved in the case engaged in misconduct serious enoug[h] Defendant to have Defendant's conviction or sentence overturned.

6. **Civil Liability**

This Plea Agreement does not affect any civil liability, including any ta[x] Defendant has incurred or may later incur due to Defendant's criminal conduct and g[iving] the charges specified in Paragraph 1 of this Agreement.

7. **Breach of Plea Agreement**

Defendant understands that if Defendant breaches any provision of this

violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

8. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

9. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\*   \*   \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Benjamin A. Saltzman.

Sincerely,

LEAH B. FOLEY
United States Attorney

By: **SETH KOSTO** *Digitally signed by SETH KOSTO Date: 2025.10.08 09:59:26 -04'00'*

SETH B. KOSTO
Chief, Securities Financial & Cyberfraud Unit
KRISS BASIL
Deputy Chief, Securities Financial & Cyberfraud Unit

BENJAMIN A. SALTZMAN
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____
Remigijus Mikelenas
Defendant

Date: 10/3/2025

I certify that Remigijus Mikelenas has read this Agreement and that we have discussed what it means. I believe Remigijus Mikelenas understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
Keith A. Mathews
Attorney for Defendant

Date: 10/5/25